# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| THE BALDIE CORPORATION, | : | Case No. 1:19-cv-129 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| FEDEX TRADE NETWORKS TRANSPORT & BROKERAGE, INC., | : | |
| Defendant. | : | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## FOR FAILURE TO PROSECUTE (Doc. 12)

This civil action is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute (the "Motion to Dismiss"). (Doc. 12). Plaintiff has not filed a responsive memorandum.

## I. BACKGROUND

On January 15, 2019, Plaintiff filed suit against Defendant in the Hamilton County Municipal Court. (Doc. 1-3). Plaintiff's complaint alleges that Defendant breached a shipping agreement by failing to ship certain goods/products in a timely manner. (*Id.* at 1). On February 20, 2019, Defendant removed this case to this Court under 28 U.S.C. § 1441. (Doc. 1 at 1). Thereafter, the parties participated in a preliminary pretrial conference with the Court. (Min. Entry, Apr. 23, 2019).

On October 2, 2019, Defendant filed a motion to compel discovery. (Doc. 10). In the motion to compel discovery, Defendant informed the Court: (1) that Defendant had served numerous discovery requests on Plaintiff; and (2) that Plaintiff had failed provide

Defendant with responses to any of them. (*Id.* at 1–2). After its receipt of the motion to compel discovery, the Court scheduled an informal discovery conference with the parties. (Not. Order, Oct. 29, 2019).

The informal discovery conference took place on November 4, 2019. (Min. Entry and Not. Order, Nov. 4, 2019). At the informal discovery conference, counsel for Plaintiff ("Counsel") informed the Court that he had simply lost touch with his client. (*See id.*). While Counsel had tried to contact Plaintiff via phone/email, Plaintiff had not returned any of his calls/messages. (*See id.*).

After the informal discovery conference, the Court issued a Minute Entry and Notation Order stating, *inter alia*, as follows:

> On or before 11/5/19, [Counsel] shall email his client the following information: <u>(1) that [Counsel] has spoken with the Court; (2) that Plaintiff needs to comply forthwith with its discovery obligations; and (3) that</u> **Plaintiff's continued failure to participate in this civil action will result in dismissal for lack of prosecution**. On or before 11/11/19, [Counsel] shall inform the Court . . . whether Plaintiff has responded.

(*Id.* (emphasis added)). On November 11, 2019, Counsel informed the Court that, while he had emailed his client as ordered, his client had not responded.

On December 23, 2019, Defendant filed the instant Motion to Dismiss. (Doc. 12). In the Motion to Dismiss, Defendant notifies the Court that "Plaintiff has made no efforts to comply with discovery obligations or otherwise litigate the matter since" Counsel's November 11, 2019 email. (*Id.* at 3). And Defendant asks the Court to dismiss this case

2

with prejudice for failure to prosecute. (*Id.*) In keeping with its prior conduct, Plaintiff has not filed a response in opposition to the Motion to Dismiss.

## II. STANDARD OF REVIEW

"Rule 41(b) permits a [district] court to dismiss an action with prejudice if the plaintiff fails to prosecute or to comply with a court order." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 697 (6th Cir. 2011) (referencing Fed. R. Civ. P. 41(b)); *see, e.g.*, *Crawford v. Beaumont Hosp.-Wayne*, No. 17-1305, 2017 WL 4182098, at *3 (6th Cir. Sept. 12, 2017) (affirming the dismissal of an action with prejudice for failure to prosecute).

In determining whether dismissal under Rule 41(b) is appropriate, the district court must consider the following factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir.1998).

"'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

3

## III. ANALYSIS

Here, all the factors espoused in *Stough* weigh in favor of dismissal with prejudice. Accordingly, the Motion to Dismiss should be granted. (Doc. 12).

First, Plaintiff's conduct appears to be nothing short of willful. Plaintiff took deliberate steps to retain counsel and commence this civil action. (Doc. 1-3). But since that time, Plaintiff has, without any explanation, ceased communications with its attorney and stopped participating in the case. (Min. Entry and Not. Order, Nov. 4, 2019). This is true notwithstanding Counsel's multiple attempts to contact Plaintiff. (*Id.*) On such facts, willful conduct appears to exist. The first factor weighs in favor of dismissal.

Second, Defendant has suffered prejudice. Due to Plaintiff's dilatory conduct, Defendant has had to: file a motion to compel discovery; participate in an informal discovery conference; and file the Motion to Dismiss—all to resolve a civil action that, it seems, Plaintiff never intended to fully litigate. (Docs. 10, 12; Min. Entry and Not. Order, Nov. 4, 2019). This constitutes prejudice. The second factor weighs in favor of dismissal with prejudice.

Third, the Court has informed Plaintiff that dismissal is possible. The Court issued an Order stating that "Plaintiff's continued failure to participate in this civil action will result in dismissal for lack of prosecution." (Min. Entry and Not. Order, Nov. 4, 2019). And the Court directed Counsel to pass along the message to Plaintiff. (*Id.*) Plaintiff has been warned. The third factor weighs in favor of dismissal with prejudice.

Finally, the Court has considered less drastic sanctions. For example, the Court has considered dismissal without prejudice. But less drastic sanctions are not

appropriate. The Court has provided Plaintiff with a full and fair opportunity to litigate its legal claim. And, despite that full and fair opportunity, Plaintiff has decided not to participate in this civil action. On these facts, Plaintiff should not get a second bite at the apple. The last factor, like all the rest, weighs in favor of dismissal with prejudice.

## IV.  CONCLUSION

Based upon the foregoing, the Motion to Dismiss (Doc. 12) is **GRANTED**. Accordingly, this civil action is **DISMISSED with prejudice**. The Clerk shall enter judgment accordingly, whereupon this case is closed upon this Court's docket.

**IT IS SO ORDERED.**

Date:  2/19/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge